UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| JEFFREY JOEL JUDY, an individual, | ) ) ) |
| Plaintiff, | ) CASE NO.: ) |
| vs. | ) ) |
| RIB CITY LEHIGH, LLC, a Florida Limited Liability Company, | ) ) ) ) |
| Defendant. | ) ) ) |

# COMPLAINT

Plaintiff, JEFFREY JOEL JUDY (hereinafter "Mr. Judy" or "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues RIB CITY LEHIGH, LLC, a Florida Limited Liability Company, for injunctive relief, attorney's fees and costs pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et seq., ("ADA"), and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff is a resident of the State of Florida in Lee County.

4. Plaintiff was injured in a motorcycle accident and is paralyzed from the waist down. Additionally, Plaintiff is a double leg amputee. Due to his injuries, Mr. Judy is a T8-T9 paraplegic and uses a wheelchair for his primary means of mobility.

5. Due to the disability, Plaintiff is substantially impaired in several major life activities including walking, standing and bending and requires a wheelchair for mobility.

6. Defendant RIB CITY LEHIGH, LLC, a Florida Limited Liability Company (hereinafter "Defendant"), is registered to do business in the State of Florida. Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: Rib City, generally located at 1480 Lee Blvd, Lehigh Acres, Florida 33936 (referred to herein as the "Property"). Defendant is responsible for complying with the ADA.

7. All events giving rise to this lawsuit occurred in the Middle District of Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding Paragraphs as if they were expressly restated herein.

9. The Property, a restaurant known as Rib City, is open to the public and provides goods and services to the public.

10. Plaintiff has visited the Property several times over the past two years and attempted to utilize the goods and services offered at the Property. Additionally, Plaintiff enjoys the Rib City restaurant chain and endeavors to eat there frequently.

11. However, while at the Property, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12. Despite the accessibility issues, Plaintiff continues to desire to visit the Property, but fears that he will again encounter serious difficulty due to the barriers discussed herein. However, but for the architectural barriers, Plaintiff would visit the Property more often.

13. Plaintiff plans to and will visit the Property in the near future to utilize the goods and services offered thereon.

14. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access discussed below, which were personally encountered and which hindered Plaintiff's access to the Property:[1]

    A. Plaintiff encountered an inaccessible main entrance to the Property from the street due to a slope which leads directly to the door and lack of a level landing at the door threshold. This required that MR. JUDY request bystanders to assist him in opening the door as he could not open it independently without risking a fall due to the severe slope.

    B. Additionally, the same ramp discussed above has an excessive slope, lacks handrails and a has an excessive vertical lip at the bottom of the ramp. This required that MR. JUDY use extreme caution when maneuvering over the ramp to avoid a fall.

    C. Plaintiff encountered an inaccessible curb ramp from the parking lot to the sidewalk due to narrow width, an excessive running slope and very steep side flares. This required that MR. JUDY use extreme caution when maneuvering over the curb ramp to avoid a fall.

---

[1] The defendant was previously sued for similar ADA barriers at the same location on October 26, 2001. *Access Now v. Rib City Grill, et al.*, Case No. 2:01-cv-00574-DNF (M.D.Fla. filed Oct. 26, 2001). However, as of the date of this filing, the majority of the issues cited in 2001 have not been corrected or have fallen into disrepair since then, resulting in the instant matter.

      D.      Plaintiff encountered an inaccessible parking space designated for disabled use due to low signage mounted where it can be obstructed by a parked vehicle.

      E.      Plaintiff encountered an inaccessible restroom at the Property due to a lack of grab bars around the toilet, incorrect placement of the flush handle on the narrow side the toilet, high mirror placement, high placement of the paper towel dispenser, failure to insulate the pipes under the sink and inadequate clear floor space for wheelchair use. These issues made it very difficult for MR. JUDY to utilize the restroom.

15.      To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.      Independent of his intent to return as a patron of the Property, Plaintiff additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.      Removal of the barriers to access located at the Property would allow Plaintiff to fully utilize the goods and services located therein.

18.      The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by Defendant is in violation of the ADA;

B. That the Court enters an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by the ADA;

C. That the Court enters an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D. That the Court awards reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court awards such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Boulevard, Ste. 209-A
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com
brian@kumussman.com

By___/s/ Louis Mussman_____
Louis I. Mussman
(FL Bar #: 597155)
Brian T. Ku
(FL Bar # 610461)
Attorneys for Plaintiff